**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LORENA DEL CARMEN IRADYS PEREZ,** | § | |
| ***Petitioner*,** | § | |
| **v.** | § | **EP-26-CV-01192-DCG** |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| ***Respondent*.** | § | |

**ORDER DISMISSING CASE WITHOUT PREJUDICE AS MOOT**

The docket reflects that the Government removed *pro se* Petitioner Lorena del Carmen Iradys Perez from the United States on or about July 8, 2026.[1] The Court therefore concludes that this case is now moot.[2]

Accordingly, the Court **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[3]

The Court thereby **CLOSES** the case.

---

[1] Suppl. Status Report Ex. A, ECF No. 20-1; *see also* Suppl. Status Report, ECF No. 20, at 1.

[2] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

[3] *See, e.g.*, *Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").

**So ORDERED and SIGNED this 9th day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**